UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT CASTRO | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2342 |
| PLAQUEMINES PARISH, ET AL. | * | SECTION "C" (2) |

## ORDER AND REASONS

Pending before me are Plaintiff's Motion for Leave to File Amended Complaint and Motion to Provide All Body Camera Footage. ECF Nos. 26, 27, 31. Defendants Gerald T. Turlich, Jr., Rodney King, Grant Solis, Michael Martin, Lt. Martinez, Bret Ricks, and CJ Freeney filed an Opposition Memorandum to the Motion to Compel Body Camera Footage but did not address the Motion for Leave to File Amended Complaint. ECF No. 34. Plaintiff did not file a Reply Memorandum. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED IN PART AND DENIED IN PART and the Motion to Provide All Body Camera Footage is DENIED WITHOUT PREJUDICE for the reasons stated herein.

## I.    BACKGROUND

Plaintiff filed this § 1983 suit seeking $16 million in compensatory damages arising from an allegedly unlawful traffic stop and arrest on February 24, 2024. ECF No. 1 ¶¶ 22-28, 39. Defendants filed a Motion to Dismiss on January 2, 2026, arguing that Plaintiff's claim is facially prescribed. ECF No. 15. Plaintiff first sought to file an Amended Complaint on January 25, 2026, but it was rejected as deficient. ECF Nos. 19, 19-1, 20, 22-24. Plaintiff ultimately filed this Motion for Leave to File Amended Complaint on February 20, 2026. ECF No. 27. Plaintiff also filed a

1

4-page document that he characterizes as a public records request seeking body camera footage, titling the document "Covenant in Law" and listing various legal principles, which was docketed as a Motion to Provide All Body Camera Footage.  ECF No. 26.  No Scheduling Order has been issued to date.

Plaintiff seeks leave to provide additional factual details about the arrest and clarify the damages sought.  ECF No. 27-4 at 2.  He argues that leave to amend is proper under Rule 15(a)(2) as there has been no undue delay or bad faith, no prejudice to Defendants, and amendment is not futile.  *Id.*   A comparison of the Complaint with the proposed Amended Complaint reflects that Plaintiff seeks to add Plaquemines Parish Sheriff's Office as a defendant, substitute Lt. Johnson in place of Lt. Martinez, modifies ¶¶ 17 and 18, and adds entirely new allegations in ¶¶ 19-22, 25-26, 32-42.  *Compare* ECF No. 1, *with* ECF No. 27-2.

Plaintiff's Motion to Compel Body Camera Footage fails to provide any relevant facts in support of that request.  ECF No. 26.  Were it not for the title on the right of the caption and introductory paragraph, the filing would not even suggest it seeks documents as the body of the filing fails to indicate whether (1) a Rule 26(f) conference was held and (2) a Rule 34 Request for Production was issued; (3) any response or objection to a Rule 34 Request; and (4) that the parties held the required Rule 37 conference before the filing of this motion.  Instead, the body of the document cites to various inapplicable "Canons" and  unsourced statutes.  *Id.*

In Opposition, Defendants argue that Plaintiff's request for discovery is improper because Rule 26(d) precludes discovery from any source until after the Rule 26(f) conference, which has not occurred.  ECF No. 34 at 1.  They also argue that discovery is improper because the complaint is facially prescribed, as asserted in their pending motion to dismiss.  *Id.* at 1-2.

2

II.    **APPLICABLE LAW AND ANALYSIS**

**A. Motion for Leave to File Amended Complaint**

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course" within 21 days of service or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). FED. R. CIV. P. 15(a)(1)(A)-(B). In all other cases, a party may amend its pleading with the opposing party's written consent or leave of court, which leave should be freely granted when justice so requires. *Id.* at 15(a)(2).

Had Plaintiff sought to file his Amended Complaint on or before Friday, January 23, 2026, he would have been entitled to file same as of right pursuant to Rule 15(a)(1). Plaintiff, however, did not seek to file his Amended Complaint until two days past the deadline,[1] which filing was marked deficient. Further, no Scheduling Order has been issued setting a deadline for amendment.[2] Accordingly, Plaintiff's request for leave is governed by Rule 15(a)(2).

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[3] The Rule 15(a) inquiry requires the court to balance the difficult task of assuring a party a fair opportunity to present his claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.[4] Although leave

---

[1] ECF No. 19-1.

[2] A request for leave to amend is governed by Rule 15(a) rather than the more stringent good cause requirements of Rule 16(b) when filed before the scheduling order's deadline for amending pleadings. *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (holding that Rule 16(b) governs amendment of pleadings after expiration of the scheduling order deadline and only upon a showing of good cause will the more liberal standard of Rule 15(a) then apply).

[3] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[4] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. Jan. 1981) (citation omitted).

to amend is not automatic,[5] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[6]

The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[7]  Denial of leave to amend is reviewed for abuse of discretion,[8] but absent a "substantial reason," the court's discretion "is not broad enough to permit denial" of a request for leave to amend.[9]

## A.  **Undue Delay**

Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend.[10]  Courts have found "undue delay" when a plaintiff knew the facts "all along" but waited over a year after the first amended complaint to seek leave to amend raising those facts.[11]  "Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant."[12]  However, a litigant's failure to assert a claim as soon as he could have

---

[5] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991).

[6] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord Mayeaux,* 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

[7] *Gregory*, 634 F.2d at 203 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Spicer*, 751 F.3d at 367 (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).

[8] *Carroll*, 470 F.3d at 1174 (citation omitted).

[9] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc.*, 195 F.3d at 770; *Stripling*, 234 F.3d at 872).

[10] *See Smith*, 393 F.3d at 595 (citation omitted) (stating that Rule 15(a) does not impose a time limit "for permissive amendment"); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) ("Lacking a time limit or an outer bound on when amendment is permissible, [Rule 15(a)(2)] instructs courts to 'freely give leave to amend when justice so requires.'" (citation omitted)).

[11] *See, e.g., C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314-15 (5th Cir. 2016) (affirming district court's decision).

[12] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982).

done so is properly a factor to be considered.[13]  At some point, plaintiff's delay can be procedurally

fatal.[14]  In that situation, plaintiff must meet the burden of showing that the delay "was due to

oversight, inadvertence, or excusable neglect."[15]  But "delay alone is an insufficient basis for

denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or

impose unwarranted burdens on the court."[16]

Plaintiff cannot be said to have unduly delayed seeking amendment given that he sought

to amend only two days after expiration of the 21-day period within which to amend as of right.

### B.  Bad Faith

The Fifth Circuit has defined bad faith generally as

implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. The term bad faith means more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives.[17]

Defendants do not argue bad faith, and there is no evidence of bad faith here.

### C.  Repeated Failures to Cure

The Fifth Circuit has affirmed denial of leave to amend where a party has been given

multiple opportunities to cure a defect.[18]

---

[13] *Id.* (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).

[14] *Smith*, 393 F.3d at 595 (quoting *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992)).

[15] *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citation omitted).

[16] *Mayeaux*, 376 F.3d at 427 (emphasis and citations omitted).

[17] *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.*, 293 F.3d 912, 922 (5th Cir. 2002).

[18] *See, e.g.*, *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint); *see also Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803, 808 (5th Cir. 2020) (finding district court's denial of leave to amend proper where litigation was pending for five years, plaintiff's deficiency was first identified over three years ago, and the court allowed three prior amended complaints); *St. Germain v. Howard*, 556 F.3d 261, 264 (5th Cir. 2009) (affirming denial of a motion for leave to amend where "[a]ppellants had several opportunities to state their best case"); *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (concluding that justice

There is no evidence of any failure to cure, much less repeated failures to cure, in this case.

**D.  <u>Undue Prejudice</u>**

The Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[19]  A defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[20]  Likewise, amendments that fundamentally alter the nature of the case or would force a party to re-urge the same arguments presented in previous dispositive motions[21] are considered prejudicial.[22]  While additional fees and costs incurred to respond may cause some prejudice, it does not constitute "undue" prejudice necessary to justify denial of a motion to amend.[23]

---

did not require allowing plaintiff an additional opportunity to amend); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566–67 (5th Cir. 2002) (affirming refusal to permit amendment after plaintiff had amended twice).

[19] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[20] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)); *see also C3PO Int'l*, 663 F. App'x at 314 (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines); *cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant," and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery).

[21] *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

[22] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux,* 376 F.3d at 427–28 (finding the complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[ ] the case anew").

[23] *See, e.g.*, *Babin v. Caddo E. Ests. I, Ltd.*, No. 10-896, 2012 WL 3310017, at *1 (E.D. La. Aug. 13, 2012) (granting motion to amend despite argued prejudice of additional costs because that is not sufficient to establish undue prejudice); *Richards' Realty Co., L.L.C. v. Paramount Disaster Recovery, Inc.,* No. 06-2396, 2008 WL 440325, at *3 (E.D. La. Feb. 8, 2008) (Vance, J.) (stating that continued expenditure of substantial litigation resources does not

Plaintiff seeks to amend to provide additional factual details about the arrest and clarify the damages sought.  This amendment would not change the nature of the case.  Moreover, at this early stage and with no trial date set, this amendment would not require re-opening of discovery or disrupt any existing schedule.

### E.  <u>Futility</u>

Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (i.e., whether it states a plausible claim for relief).[24]  The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[25]  It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[26]  If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[27]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit

---

establish undue prejudice); *see also Adams v. Medtronic, Inc.*, No. 19-870, 2022 WL 3268506, at *3 (E.D. Tex. Aug. 10, 2022) (preparing additional discovery and re-deposing an unidentified number of witnesses is not "considerable delay and expense" as necessary to establish undue prejudice); *EnergyBill.com, L.L.C. v. Arcadis U.S., Inc.,* No. 21-00426, 2021 WL 9352581, at *3 (W.D. Tex. Dec. 9, 2021) (stating that cursory references to the increase in cost, complication and potential juror confusion are insufficient to demonstrate the kind of undue prejudice warranting denial of leave to amend at the early stage in proceedings (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. Nov. 1981))).

[24] *Marucci Sports,* 751 F.3d at 378 (quoting *Stripling,* 234 F.3d at 873).

[25] *Twombly*, 550 U.S. at 555, 570.

[26] *Id.* at 557 (brackets in original) (citation omitted); *Iqbal*, 556 U.S. at 678 (citation omitted).

[27] *Iqbal,* 556 U.S. at 678 (citation omitted).

the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[28]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[29]

Plaintiff's request to add the Plaquemines Parish Sheriff's Office is futile. The "capacity to sue or be sued is determined . . . by the law of the state where the court is located." FED. R. CIV. P. 17(b)(3). Article 24 of the Louisiana Civil Code states there are two kinds of persons that are capable of being sued, natural persons and juridical persons. A "juridical person is an entity to which the law attributes personality . . . ." LA. CIV. CODE art. 24. Louisiana affords legal status to Louisiana sheriffs, not their offices.[30] Thus, while a plaintiff may file suit against the Sheriff of Plaquemines Parish, the "Sheriff's Office" is not a proper party.[31]

Further, an individual defendant can only be liable under § 1983 if he was "personally involved in the acts causing the deprivation of [plaintiff's] constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."[32] Section 1983 does not impose *respondeat superior* liability,[33] so a supervisory official cannot be held liable

---

[28] *Id.* 556 U.S. at 679 (internal citation omitted) (quoting FED. R. CIV. P. 8(a)(2)); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

[29] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 (stating "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required (citations omitted)).

[30] *Cozzo v. Tangipahoa Par. Council—President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002) (citing *Porche v. Saint Tammany Par. Sheriff's Off.*, 67 F. Supp. 2d 631, 635 (E.D. La. 1999)).

[31] *Edminston v. La. Small Bus. Dev. Ctr.*, 931 F.3d 403, 407 (5th Cir. 2019) ("Louisiana sheriffs are juridical entities that can be sued, but Louisiana sheriff's offices are not.").

[32] *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. Apr. 1981) (per curiam) (citing *Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980)) *accord. Sanders v. English*, 950 F.2d 1152, 1160 (5th Cir. 1992); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979) (per curiam); *Barksdale v. King*, 699 F.2d 744, 746 (5th Cir. 1983) (per curiam).

[33] *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996) ("There is no *respondeat superior* liability under section 1983."); *Field v. Corr. Corp. of Am. Inc.*, 364 F. App'x 927, 929 (5th Cir. 2010); *Cox v. Irby*, 281 F. App'x 390, 391 (5th Cir. 2008); *Kohler v. Englade*, 470 F.3d 1104, 1114-15 (5th Cir. 2006); *see also Carter v. Strain*, No. 09-3401, 2009 WL 2390808, at *3 n.8 (E.D. La. July 31, 2009).

under § 1983 simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights.[34]  To state a claim against a supervisory official, Plaintiff must "adequately plead facts showing that (1) the official 'participated in acts that caused constitutional deprivation' or (2) 'implemented unconstitutional policies causally related to his injuries.'"[35]  For a plaintiff to state a supervisory liability claim against the Sheriff in his official capacity, he must allege a constitutional violation or physical injury directly resulting from an identified order, policy, or directive implemented by the policymaking official.[36]

However, Plaintiff's request to modify prior allegations and additional facts to clarify his claims as set forth in ¶¶ 19-22, 25-26, 32-43 would be appropriate.

### B. Motion for Body Camera Footage

Rule 26(d)(1) of the Federal Rules of Civil Procedure precludes a party from seeking discovery until the parties have conferred as required by Rule 26(f), except when the case is exempt from initial disclosures or when authorized by the rules, by stipulation, or by court order.  The

---

[34] *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

[35] *Damond v. City of Rayville*, 127 F.4th 935, 938 (5th Cir. 2025) (per curiam) (quoting *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017)).

[36] *Johnson v. Moore*, 958 F.2d 92, 93 (5th Cir. 1992) (noting that a governmental entity may not be liable under § 1983 based on *respondeat superior* for employees' actions but may be liable when the alleged unconstitutional activity is inflicted pursuant to official policy); *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 1991) (stating that supervisory officials such as sheriffs are not liable for acts of subordinates based on vicarious liability but may be liable even though not personally involved (1) if the supervisory official failed to train or supervise the officers involved, (2) there is a causal connection between the alleged failure to supervise or train, and (3) the alleged failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988) (reiterating that the identification of the policymaking official is governed by state law); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (holding supervisory officials "are not liable for the actions of subordinates on any theory of vicarious liability" and will only be liable if the official "implement[s] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation'").  Supervisory liability theory requires identification of a constitutional violation that causes injury, and the same standard applies to a failure-to-train or failure-to-supervise theory. *See Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 624 (5th Cir. 2018) ("[W]hen a municipal entity enacts a facially valid policy but fails to train its employees to implement it in a constitutional manner, that failure constitutes 'official policy' that can support municipal liability if it 'amounts to deliberate indifference.'" (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

requirement for a Rule 26(f) conference is not a mere technicality.[37]  Only after an appearance and the required Rule 26(f) conference may discovery commence.[38]

Rule 34(a) of the Federal Rules of Civil Procedure establishes the permissible scope of production of items and authorizes a party to request documents and electronically stored information within another party's possession, custody or control.  FED. R. CIV. P. 34(a)(1)(A). Rule 34(b) establishes the procedure for submitting a request and for responding to it.  The request must be in writing and set forth the desired items with "reasonable particularity."  *Id.* at 34(b)(1)(A).  A request for production must be served on the party to whom it is directed, as well as all other parties to the action, generally through the parties' attorney of record.  FED. R. CIV. P. 5(a)(1)(C), (b)(1).  A party must provide full and complete written responses to requests for production within thirty days after being served same unless otherwise stipulated or ordered.  FED. R. CIV. P. 34(b)(2)(A).  For each request, the respondent must state with specificity the grounds for objection, including the reasons, and either produce the documents or specify a date certain by which the documents will be produced.  *Id.* at 34(b)(2)(B).

If a party fails to timely respond fully to requests for production made pursuant to Rule 34, the party seeking discovery may move to compel production under Rule 37.  FED. R. CIV. P. 37(a)(3)(B)(iv).  A motion to compel pursuant to Rule 37 contemplates that the movant has relied on the formal discovery rules.[39]  When a movant fails to serve a formal request for production, denial of his motion to compel production is proper.[40]  And even if the movant has served a formal

---

[37] *See, e.g.*, *Chevron USA, Inc. v. Peuler*, No. 02-2982, 2003 WL 139164 (E.D. La. Jan. 15, 2003) (Barbier, J.); *Collier v. Shell Offshore, Inc.*, No. 14-2090, 2015 WL 13048735 (E.D. La. Mar. 17,  2015) (Roby, M.J.).

[38] *Collier,* 2015 WL 13048735 at *1 (citing FED. R. CIV. P. 26(d)(1)).

[39] *Ledbetter v. United States*, No. 96-678, 1996 WL 739036, at *2 (N.D. Tex. Dec. 18, 1996) (citing *Schwartz v. Mktg. Publishing Co.*, 153 F.R.D. 16, 21 n.12 (D. Conn. 1994)), *cited with approval in SBJ Grp., LLC v. TBE Grp., Inc.*, No. 12-181, 2013 WL 2928214, at *3 (M.D. La. June 13, 2013).

[40] *James v. Wash Depot Holdings, Inc.*, 240 F.R.D. 693, 695 (S.D. Fla. 2006) (citing *Suid v. Cigna Corp.*, 203 F.R.D. 227, 228 (V.I. 2001); *Sithon Maritime Co. v. Mansion,* No. 96–2262, 1998 WL 182785, at *2 (D. Kan. Apr. 10, 1998); *Haifley v. Naylor,* No. 94–3277, 1996 WL 539212, at *1–2 (D. Neb. July 9, 1996); *Schwartz,* 153 F.R.D. at 21); *see*

request for production, the motion is premature, and thus denial of it proper, if filed before the expiration of the thirty-day response period.[41]

A Rule 37 motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37 (a)(1). "Conference requirements encourage resolving discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere."[42]  The conference requirements are no "empty formality."[43]  The failure to engage in the required meet and confer before filing a motion to compel constitutes sufficient reason in itself to deny the motion.[44]  Indeed, courts routinely deny discovery motions for failure to comply with Rule 37(a)(1).[45]

---

also SBJ Grp., 2013 WL 2928214, at *3 ("It is axiomatic that a court may not compel the production of documents under Rule 37 unless the party seeking such an order has served a proper discovery request on the opposing party." (quoting Tex. Democratic Party v. Dall. Cnty., No. 08-2117, 2010 WL 5141352, at *1 (N.D. Tex. Dec. 9, 2010); and citing Ledbetter, 1996 WL 739036, at *2)).

[41] Acosta v. Northrop Grumman, No. 02-3206, 2003 WL 21056878, at *1 (E.D. La. May 5, 2003) (denying as premature motion to compel before plaintiff propounded discovery and waited for expiration of the thirty-day response period); see also Esquivel v. Eastburn, No. 20-00377, 2022 WL 757243, at *1 (W.D. Tex. Mar. 11, 2022) (denying as premature motion to compel before expiration of the response deadline).

[42] Brown v. Bridges, No. 12-4947, 2015 WL 11121361, at *3 (N.D. Tex. Jan. 30, 2015) (internal quotations and citations omitted); see also Motions & Oral Argument, The Honorable Donna Phillips Currault, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (last visited November 16, 2022).

[43] Riverbend Env't Servs., LLC v. Crum & Forster Specialty Ins. Co., No. 22-31, 2023 WL 2563228, *3 (S.D. Miss. Mar. 17, 2023).

[44] Shaw Grp. Inc. v. Zurich Am. Ins. Co., No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (citations omitted); see also McAllister v. McDermott, Inc., No. 18-361, 2019 WL 6065704, at *2 (M.D. La. Nov. 15, 2019) (citing Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention)).

[45] See, e.g., Greer v. Bramhall, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); D.H. Griffin Wrecking Co. v. 1031 Canal Dev., L.L.C., No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citations omitted).

Plaintiff does not state that the parties engaged in the Rule 26(f) conference, as required by Rule 26(d).  Further, the record does not reflect service of any request for production on any party for the items sought, in accordance with Rule 34.  The record further lacks any evidence that, if Rule 34 requests were served, whether the thirty-day response period has lapsed.  Indeed, Plaintiff has failed to attach any documents relating to the requested items.  Further, Plaintiff has not demonstrated that he engaged in a proper Rule 37 conference before the filing of this motion.  As such, Plaintiff's request for court intervention to order production of body camera footage is premature at best and simply improper absent evidence that he held the Rule 26(f) conference, served Rule 34 requests and allowed the response deadline to lapse, and participated in the required Rule 37 meet and confer.  The Court understands Plaintiff is proceeding *pro se,* but *pro se* litigants must still "abide by the rules that govern the federal courts," including the Federal Rules of Civil Procedure.[46]

## III.   CONCLUSION

Plaintiff's motion to compel is premature and improper.  Plaintiff's request for leave to amend is proper, except ¶ 2 which improperly seeks to assert a § 1983 claim against the Plaquemines Parish Sheriff's Office, which is not a proper party to a § 1983 claim under Rule 17.  Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED IN PART AND DENIED IN PART, allowing leave to file ECF No. 27-2 after striking ¶ 2 from the proposed Amended Complaint.

---

[46] *Lassere v. S. Cent. Planning & Dev. Comm'n*, No. 24-1641, 2024 WL 4388287, at *1 (E.D. La. Oct. 3, 2024) (Ashe, J.) (quoting *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014); and citing *Jones v. FJC Sec. Servs., Inc.*, 612 F. App'x 201, 203 (5th Cir. 2015) ("Nonetheless, we expect litigants to meet court deadlines and observe the rules of civil procedure.")).

IT IS FURTHER ORDERED that Plaintiff's Motion to Provide All Body Camera Footage is DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, this ___18th___ day of March, 2026.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE