**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ROBERT CASTRO**                                                 **CIVIL ACTION**

**v.**                                                                         **NO: 25-2342**

**PLAQUEMINES PARISH ET AL**                      **SECTION: C (2)**

**ORDER AND REASONS**

Before the court are several motions to dismiss filed by defendants (R. Doc. 12, 15, 42, and 43). Finding plaintiff's claims prescribed, the motions are GRANTED.

**BACKGROUND**

Pro se plaintiff, Robert Castro, filed suit against defendants, Plaquemines Parish, Gerald A. Turlich, Jr., Rodney King, Grant Solis, Michael Martin, Lt. Matinez, Bret Ricks, and CJ Freeney (R. Doc. 1) on November 17, 2025, alleging violations of 42 USC § 1983. The complaint states Castro was stopped by King and other Plaquemines Parish deputies on February 24, 2024 for an invalid registration tag. It alleges King "acted fascist and unbecoming of a peace officer, and used his taser gun towards Plaintiff to threaten Plaintiff through Plaintiff's open window and pressed the taser gun towards him multiple times where Defendant King was

1

attempting to force Plaintiff out of his car for no valid reason."[1] According to the complaint, these actions violated "State Police Training, Federal Police Training, and the warnings on the taser box."[2] Plaintiff submits he was arrested for resisting arrest, but "the charges were dropped in about June 2024."[3] Plaintiff's amended complaint (R. Doc. 27) states: "The amendments clarify and expand upon the factual allegations regarding the alleged civil rights violations under 42 USC § 1983, including details about the incident on February 24, 2024[.]"[4]

Defendants filed Rule 12(b)(6) motions to dismiss (R. Doc. 12, 15, 42, and 43), and plaintiff responded. (R. Doc. 18 and 45).

ANALYSIS

A Rule 12(b)(6) motion challenges the sufficiency of a plaintiff's allegations. A complaint, or any part of it, may be dismissed for failure to state a claim upon which relief may be granted if plaintiff fails to set forth factual allegations that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

To survive, a complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1] R. Doc. 1, Page 6.
[2] *Id.*
[3] R. Doc. 1, Page 7.
[4] R. Doc. 27, Page 2

(2009). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

In evaluating a Rule 12(b)(6) motion, the court should confine itself to the pleadings and documents attached to the complaint. *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The Court may consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Carter v. Target Corp*, 541 Fed. Appx. 413, 416 (5th Cir. 2013). The court "may also consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996)).

While detailed factual allegations are not required, a complaint must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor. *Lovick v. Ritemoney Ltd.*, 378

3

F.3d 433, 437 (5th Cir. 2004). However, the court will not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

Defendants raise prescription because the complaint was filed more than one year from the date of either plaintiff's arrest or the dismissal of the charges. Since 42 U.S.C. § 1983 does not provide a statute of limitations, a forum state's statute of limitations for personal injury claims applies to §1983 claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Louisiana, that is one year. *Brown v. Pouncy*, 93 F.4th 331, 332 (5th Cir. 2024); La. Civ. Code art. 3492.

Plaintiff was arrested "on or about February 24, 2024" and the charges were dismissed "in about June 2024."[5] Using either date, this lawsuit, filed on November 17, 2025, is prescribed. [6]

---

[5] R. Doc. 1, Page 5 and 7.

[6] Acts 2024, No. 423, repealed Article 3492 and enacted Article 3493.1, which provides a two year prescriptive period for Louisiana delictual actions. Plaintiff claims Article 3493.1 applies retroactively. However, Act 423 restricts its application to actions arising after its effective date which is July 1, 2024. Using either plaintiff's arrest date (February 2024) or the dismissal date (June 2024), his claims arose before July 1, 2024. Thus, the one year prescriptive period in former Article 3492 applies.

Plaintiff attempts to explain his untimely filing stating:

> The reason why the Complaint was filed on this date was because Plaintiff was receiving delays of records up till January 2025 from Defendants Martin and Johnson in proving that there was probable cause for arresting Plaintiff for resisting arrest. Plaintiff also had difficulty in finding civil rights lawyers that he was seeking to take his case. Plaintiff spent over 2024-present trying to get Internal Affairs to follow up on the paper work complaints about the below-alleged false arrest. Plaintiff was prevented from filing due to the actions of the Defendants, such as waiting or Internal Affairs to respond or the delay in the dismissal of charges which occurred months later. Plaintiff was diligently pursuing his rights and that the delay was due to circumstances beyond my control.[7]

Even if plaintiff's explanation can be interpreted as relying on the jurisprudentially created doctrine of contra non valentum, that doctrine only prevents the running of prescription in limited, exceptional circumstances, such as where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant. *T.S. v. Congregation of Holy Cross Southern Province, Inc.*, 22-1826 (La. 6/27/23), 366 So.3d 64, 70 (La. 6/27/23) Here, plaintiff sued one year and five months after the criminal charges against him were dismissed, and longer from the date of his arrest. He submits he was delayed while waiting for records and looking for a lawyer. Those circumstances are not exceptional. *Renfroe*

---

[7] R. Doc. 27, Page 5 and 6.

*v. State ex rel. Dept. of Transp. and Development*, 01-1646 (La. 2/26/02), 809 So.2d 947, 953.

CONCLUSION

This complaint is prescribed on its face. Plaintiff asserts no legitimate argument for suspension of prescription. Defendants' motions are GRANTED. Plaintiff's claims are DISMISSED, with prejudice.

New Orleans, Louisiana this __27th__ day of May 2026

_____

WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE